IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES | * |
| | * |
| v. | *   Crim. Case No.: SAG-21-0215 |
| | *   Civ. Case No. SAG-23-1128 |
| CHRISTOPHER GUY, | * |
| | * |
| Defendant. | * |
| | * |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

On February 10, 2022, defendant Christopher Kenneth Guy pleaded guilty to two counts of a four-count indictment. ECF 27.[1] On June 7, 2022, this Court imposed a sentence of 41 months' incarceration for Count One (Conspiracy to Commit Wire Fraud and Mail Fraud) and a consecutive sentence of 24 months incarceration for Count Four (Aggravated Identity Theft). ECF 43. Almost a year later, on April 26, 2023, Mr. Guy, acting in a self-represented capacity, filed a motion to vacate or set aside his sentence pursuant to 28 U.S.C. § 2255. ECF 50. The Government filed an opposition, ECF 62, and Mr. Guy filed a reply, ECF 66. Upon review, this Court scheduled an evidentiary hearing and granted Mr. Guy's motion to appoint counsel to represent him at that hearing. ECF 81. This Court held the evidentiary hearing on May 9, 2024, and heard testimony from Mr. Guy and his sentencing counsel, Saam Zangeneh, Esq., along with argument from both counsel. ECF 89. Following the hearing, counsel provided this Court with the transcript of Mr. Guy's rearraignment and a joint submission relating to that transcript. ECF 92, 94. This Court has carefully reviewed the filings and the testimony adduced at the hearing. For the reasons that follow, Mr. Guy's motion will be denied.

---

[1] All ECF citations correspond to the criminal case, SAG-21-0215, rather than the civil case, SAG-23-1128.

Mr. Guy contends that Mr. Zangeneh provided him ineffective assistance of counsel. "[A]n ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal." *Massaro v. United States*, 538 U.S. 500, 504 (2003). To mount a successful ineffective assistance claim, a petitioner must show that his counsel's performance was deficient and that the deficient performance prejudiced his defense.[2] *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The burden rests with the petitioner to establish deficient performance by a preponderance of the evidence.[3] *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958); *Obayanju v. United States*, 120 F. Supp. 2d 546, 548 (D. Md. 2000); *Beyle v. United States*, 269 F. Supp. 3d 716, 725 (E.D. Va. 2017).

Mr. Guy raises two issues in his § 2255 motion: (1) that he was deprived of an opportunity to review his presentence report and (2) that Mr. Zangeneh failed to file an appeal upon Mr. Guy's request that he do so. ECF 50. At the evidentiary hearing, Mr. Guy, through his court-appointed attorney, withdrew the issue relating to the presentence report. Therefore, this Court need only weigh whether Mr. Zangeneh's performance was deficient for failing to file an appeal upon Mr. Guy's request.

Upon considering the evidence at the hearing, this Court finds that Mr. Guy's assertion that he asked Mr. Zangeneh to file an appeal is not credible. At the hearing, Mr. Guy testified that after sentencing, he spoke with Mr. Zangeneh outside the courtroom and asked him to file a direct appeal, and Mr. Zangeneh said that he would. According to Mr. Guy, they had no further

---

[2] Prejudice is presumed where a lawyer fails to adhere to a client's directive to file an appeal, "even when the defendant has signed an appeal waiver." *Garza v. Idaho*, 586 U.S. 232, 237 (2019). This Court does not reach the issue of prejudice, however, as it concludes that Mr. Guy has not adduced credible evidence that any such directive occurred.

[3] Prejudice, unlike deficient performance, must be shown under a "reasonable probability" standard rather than by a preponderance of evidence. *Rose v. Lee*, 252 F.3d 676, 689 (4th Cir. 2001). But because this Court need not reach the issue of prejudice, such standard does not apply.

conversation after that date about the appeal and their only communications related to a balance owed by Mr. Guy to Mr. Zangeneh. During his own detailed testimony, Mr. Zangeneh denied that any such discussion about an appeal occurred. He testified that before the guilty plea, he went over "every line of the plea agreement" with Mr. Guy, including the appeal waiver precluding any appeal unless the sentence exceeded the statutory maximum. He testified that in preparation for sentencing, he and Mr. Guy again discussed the appeal waiver, and that Mr. Guy understood. Mr. Zangeneh testified that if Mr. Guy had asked him to file a notice of appeal, he would have done it, but that he never asked.

In light of the contradictory assertions, this Court must assess the credibility of the two witnesses. When evaluating witness credibility, this Court considers factors such as variations in demeanor, corroborating or contradicting evidence, the witness's motive to lie, and the level of detail in the witness's statements. *Rahman v. United States*, Crim. No. JG-08–126, 2013 WL 5222160, at *5 (E.D.N.C. Aug. 27, 2013), *report and recommendation adopted*, 2013 WL 5230610 (E.D.N.C. Sept. 16, 2013). Considering those factors in this case, this Court concludes that Mr. Zangeneh's testimony was credible and Mr. Guy's was not. First, Mr. Guy's testimony that he first learned about an appeal waiver during his sentencing is not credible in light of his plea colloquy before this Court at his rearraignment months earlier, where Mr. Guy was specifically advised of the appeal waiver and confirmed, under oath, that he understood that he only reserved the right to appeal a sentence that exceeds the statutory maximum. ECF 92 at 15. Second, Mr. Guy repeatedly testified that he did "not recall" various meetings or conversations with his attorney or even representations that were made to him in Court, calling into question the accuracy of his other recollections. Third, Mr. Guy testified at the hearing that he did not see his presentence report until July, 2022, despite the fact that his sentencing had occurred in early June, 2022. That testimony

3

was inherently incredible, given the extensive discussion of counsel's objections to the report during Mr. Guy's sentencing proceeding. ECF 62-4 at 6–10. Even more conclusively, the Government introduced evidence at the hearing that Mr. Zangeneh sent Mr. Guy a copy of his presentence report by text on June 6, 2022, prior to his sentencing. In light of these several inconsistencies, Mr. Guy's evasive demeanor during his testimony and particularly on cross-examination, Mr. Guy's greater motivation to shade the truth, and the generally detailed and credible nature of Mr. Zangeneh's testimony, this Court finds that Mr. Guy has not established that Mr. Zangeneh's performance was deficient because he has not met his burden to show, by a preponderance of the evidence, that he asked Mr. Zangeneh to file a notice of appeal. Mr. Guy's motion will therefore be denied.

This Court must "issue or deny a certificate of appealability when it issues a final order adverse to the applicant." Rule 11(a) of the Rules Governing § 2255 Cases. A certificate of appealability is a jurisdictional prerequisite to an appeal from this Court's order, and should issue only where there has been "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court has considered the record and finds that Mr. Guy has not made the requisite showing by demonstrating that reasonable jurists would find this Court's assessment of the claim debatable or incorrect. *See, e.g.*, *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000); *Rose v. Lee*, 252 F.3d 676, 683–84 (4th Cir. 2001). Accordingly, a certificate of appealability is denied.

A separate Order denying Mr. Guy's motion, ECF 50, follows.

Dated: July 26, 2024                                       /s/
                                                   Stephanie A. Gallagher
                                                   United States District Judge

4